```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

WILLIAM RUSSELL BARGER,        )
                               )
              Plaintiff,       )        4:04CV3268
                               )
        V.                     )
                               )
ANN M. VENEMAN,                )        MEMORANDUM AND ORDER
                               )
              Defendant.       )
                               )
```

The plaintiff has filed an action for judicial review of an administrative proceeding held before the United States Department of Agriculture (USDA). See Administrative Procedure Act, 5 U.S.C. § 702 et seq. and 7 U.S.C. § 6999; filing 1, complaint, ¶¶ 1-6. Pending before me is the plaintiff's motion to conduct discovery. Filing 27. The administrative record has been filed with the court and is discussed herein to the extent it explains the basis for plaintiff's motion and the defendant's objections to that motion.

The plaintiff's suit requests the court to reverse the USDA's Director Review Determination issued on May 29, 2002. The USDA determined that the plaintiff was not "actively engaged" in farming and his farming activities were not separate and distinct from his family members' farming operations, and therefore he was ineligible for farm program payments under a Production Flexibility Contract. The plaintiff alleges that in reaching this decision, the USDA failed to follow its own administrative regulations and controlling law; was arbitrary, capricious, and abused its discretion; and violated the plaintiff's rights to due process and equal protection of the law.

The plaintiff's complaint alleges Steve Fries was a member of the Farm Service Agency (FSA) county committee for Hitchcock County that initially decided the plaintiff was not actively engaged in farming and was not a "separate person" for the purposes of receiving farm program benefits. The plaintiff claims Steve Fries and his son, Travis Fries, engage in the same farming conduct as the plaintiff but continue to be eligible for Production Flexibility Contract payments. The plaintiff claims the FSA has forced expensive and excessive requirements for eligibility on the plaintiff while failing to apply these same requirements to its own agents. He claims this conduct is in bad faith, imposes arbitrary requirements on the plaintiff, and discriminates against him.

The FSA determination was appealed to the USDA's National Appeals Division (NAD). On January 4, 2002 the NAD set a February 13, 2002 appeal hearing regarding the plaintiff's claims. The notice of hearing advised the parties that the Department of Agriculture's regulations published at 7 C.F.R. Part 11 governed the hearing. See ex. A12C, Admin. Record at 1039-42.

In preparation for the February appeal hearing, on January 8, 2002 the plaintiff sent a letter to Steve Fries requesting his attendance at a January 28, 2002 deposition and asking him to produce documents at that deposition. The plaintiff requested copies of: 1) notes and documents indicating the basis of Steve Fries' decision as a member of the FSA committee; 2) written lease agreements and custom farming agreements between Steve Fries and Travis Fries; 3) documents reflecting any payments received by Steve Fries from Travis Fries for rental or use of farm equipment in 1999 and 2000; documents reflecting payments

Steve Fries made to Travis Fries in 1999 and 2000; and 5) documents, balance sheets, and financial statements describing farm machinery Steve Fries owned, rented, or leased in 1999.  See ex. A12C, Admin. Record at 1248.  Steve Fries neither attended the deposition nor produced the documents.  See ex. A12C, Admin. Record at 1250-52.

     The plaintiff also sent a letter to Travis Fries on January 11 2002 requesting his attendance at a January 19, 2002 deposition and requesting production of the following documents: 1) Travis Fries' current and past forms CCC-502; 2) agricultural lease agreements and custom farming agreements entered into by Travis Fries in southwestern Nebraska for the 1999 crop year; 3) documents reflecting amounts Travis Fries paid for rental or use of farm equipment in 1999 and 2000; 4) documents reflecting amounts Travis Fries received as payment for labor on farms operated by Steve Fries in 1999 and 2000; and 5) FSA documents received showing his farm program payments for 1999.  See ex. A12C, Admin. Record at 1256.  Travis Fries neither attended the deposition nor produced the documents.  See ex. A12C, Admin. Record at 1258-59.

     On February 1, 2002 the plaintiff hand-delivered to the NAD office his requests for the issuance of subpoenas to secure the attendance of witnesses, including Steve and Travis Fries, at the February 13, 2002 hearing.  The NAD hearing officer denied the request for subpoenas as untimely because the request was not received at least fourteen days prior to the hearing as required under 7 C.F.R. 11.8(a)(2)(ii).  See ex. A12C, Admin. Record at 1030-31.  The plaintiff requested a continuance of the hearing to permit the issuance of subpoenas and further discovery.  The request for a continuance was also denied.  The hearing officer

3

reasoned that the plaintiff had been given sufficient time to prepare for the hearing and there was "no compelling reason to reschedule this hearing (that was set over 30 days ago)." See ex. A12C, Admin. Record at 1226-29.

The NAD appeal hearing was held on February 13, 2002. The NAD Hearing Officer issued an Appeal Determination on March 14, 2002 and found that the plaintiff did not meet the "separate person" test for 1999 but was "actively engaged in farming for 1999." See ex. A12C, Admin. Record at 1360-71.

Both the plaintiff and the FSA appealed the NAD Hearing Officer's decision for a Director Review Determination. The Director's Review Determination entered on May 29, 2002 reversed, in part, the NAD Hearing Officer's determination. The Director Review Determination affirmed the FSA committee decision, holding that the plaintiff was not a "separate person" for the 1999 crop year and also finding that the plaintiff was not actively engaged in farming in 1999.

The plaintiff's filing 27 motion requests leave to subpoena Steve Fries and Travis Fries to be deposed and produce the documents the plaintiff attempted to subpoena for use at the NAD hearing. He further requests leave to serve three interrogatories to discover how many subpoena requests from appellants were received by the NAD from 1999 through 2003; how many of those requests were granted; and for each subpoena granted, the year when the subpoena was requested. The plaintiff claims this information is necessary to prove his rights to due process and equal protection were denied throughout the USDA's administrative proceedings. The plaintiff asserts that his requested discovery will assist him in proving the alleged

4

preferential treatment afforded Steve and Travis Fries, and that the NAD hearing officer improperly denied his subpoena requests, either due to "anti-farmer bias" or bias against the plaintiff.

Judicial review under the Administrative Procedures Act is generally limited to the administrative record that was before the agency when it made its decision.  <u>Voyageurs Nat. Park Ass'n v. Norton</u>, 381 F.3d 759, 766 (8th Cir. 2004)(citing <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 420 (1971)(citing <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941)). There are exceptions to this general rule, but these exceptions are allowed only under extraordinary circumstances.  <u>Voyageurs Nat. Park,</u> 381 F.3d at 766.

A party requesting discovery must make a strong threshold showing that the specific extra-record material requested falls within one of the limited exceptions.  When there is a contemporaneous administrative record and no need for additional explanation of the agency decision, the party requesting discovery must present a "strong showing of bad faith or improper behavior before the reviewing court may permit discovery and evidentiary supplementation of the administrative record." <u>Voyageurs Nat. Park,</u> 381 F.3d at 766.  "[T]he exception allowing extra-record evidence to explain the administrative record and agency decision is very narrow.  Inquiry into the mental processes of administrative decisionmakers is to be avoided unless it is "the only way there can be effective judicial review."  <u>Voyageurs Nat. Park,</u> 381 F.3d at 766 (quoting <u>Overton Park</u>, 401 U.S. at 420).

The plaintiff has failed to present the threshold showing required for allowing discovery in this case.  The plaintiff

claims the FSA committee discriminated against him by applying different standards to him than committee member Steve Fries. However, there is no showing that Steve Fries was biased against the plaintiff during the FSA committee deliberations, or, more importantly, that the FSA committee decision entered against the plaintiff was affected by this alleged bias. The FSA committee decision was reviewed first by the NAD, then by Director Determination, and was ultimately affirmed.

The plaintiff requests discovery concerning the internal workings and financial transactions of the Fries' farming operations to prove disparate treatment. This information is irrelevant to this court's administrative review of the plaintiff's case. Whether the plaintiff was "actively engaged in farming" or a "separate person" for the purposes of farm program benefits depends on the law, agency regulations, and the merits of the plaintiff's case, not on whether Steve and Travis Fries should also be denied farm program payments.

Finally, the plaintiffs interrogatories request a compilation of the number of subpoenas requested from the NAD and granted by year. This statistical information would not tend to prove or disprove that the NAD is biased against farmers or denied this plaintiff's subpoena requests for any improper reason. The plaintiff's request for subpoenas was untimely and denied for that reason.

"[T]he ability to subpoena witnesses is not an absolute or independent right in administrative hearings." Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1237 (11th Cir. 2003)(citing Travers v. Jones, 323 F.3d 1294, 1296 (11th Cir. 2003); Amundsen v. Chicago Park Dist., 218 F.3d 712, 717 (7th

6

Cir. 2000); Calvin v. Chater, 73 F.3d 87, 92- 93 (6th Cir. 1996); DeLong v. Hampton, 422 F.2d 21, 24 (3d Cir. 1970).  The plaintiff had the burden of timely requesting subpoenas for witnesses to attend his hearing.  The NAD's denial of plaintiff's request for subpoenas was based on the plaintiff's failure to comply with the procedural rules governing the proceeding.  Even in combination with the statistical information the plaintiff now seeks by interrogatory, the NAD's decision to deny the plaintiff's untimely subpoena request does not support a showing of bad faith or improper motive by the NAD, or a violation of plaintiff's due process rights.  Travers, 323 F.3d at 1297 (where requests to subpoena witnesses for an administrative hearing were denied as untimely, the plaintiff was afforded the opportunity to present live witnesses, and his inability to do so was a result of his own tardiness).  See also Brown v. Zuckert, 349 F.2d 461, 463 (7th Cir. 1965)(quoting Williams v. Zuckert, 371 U.S. 531 (1963)).

   The plaintiff has failed to show any extraordinary circumstances justifying extra-record discovery in this case.  Plaintiff's request to conduct discovery will be denied.

   IT THEREFORE HEREBY IS ORDERED:  Plaintiff's motion to conduct discovery, filing 27, is denied.

   DATED this 8th day of June, 2005.

                                    BY THE COURT:

                                    s/ *David L. Piester*
                                    David L. Piester
                                    United States Magistrate Judge